IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LYDIA BUMPOUS, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:05cv00728 SWW |
| | * | |
| | * | |
| NABHOLZ CONSTRUCTION | * | |
| CORPORATION; BOBBY FERGUSON, | * | |
| IN HIS OFFICIAL CAPACITY AS | * | |
| FOREMAN OF NABHOLZ | * | |
| CONSTRUCTION CORPORATION; | * | |
| AND DOYLE MOORE, IN HIS OFFICIAL | * | |
| CAPACITY AS MANAGER OF NABHOLZ | * | |
| CONSTRUCTION CORPORATION, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This is a case of alleged employment discrimination and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. The matter is before the Court on motion [doc.#4] of separate defendants Bobby Ferguson and Doyle Moore to dismiss on grounds that, as supervisors, they are not employers and, thus, are not proper defendants in this Title VII action.[1] Although plaintiff objects, this Court agrees that because Title VII liability only attaches to an "employer," *see, e.g., Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.*, 121 F.3d 446 (8th Cir. 1997) (per curiam); *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998), plaintiff's Title VII claims against all

---

[1] Defendants characterize plaintiff's complaint as asserting a claim under the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. §§ 16-123-101 *et seq*. Although plaintiff's complaint makes a vague reference to defendants' actions as being in violation of "State and Federal law," Compl. at ¶¶ 61, 66, she repeatedly states throughout her complaint that her action is based on Title VII with no reference to ACRA and, by way of relief, she asks, in addition to damages and attorney's fees and costs, for judgment that defendants "have acted in violation of her Federal rights," again with no reference to ACRA. Accordingly, this Court does not construe plaintiff's complaint as asserting a state law claim under ACRA.

defendants other than Nabholz Construction Corporation are improper. Accordingly, plaintiff's claims against Ferguson and Moore must be dismissed.

IT IS THEREFORE ORDERED that the motion [doc.#4] of separate defendants Bobby Ferguson and Doyle Moore to dismiss be and it hereby is granted.

Dated this 8th day of September, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE